IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID E. JERMANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-3468-D |
| | § | |
| UNITED STATES POSTAL SERVICE, | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the order of reference dated February 23, 2012, before the Court for recommendation is *Defendant's Motion to Dismiss*, filed February 17, 2012 (doc. 15). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED** as to Plaintiff's claims under the Rehabilitation Act and the Fair Labor Standards Act, if he does not file an amended complaint within the allotted time, and **DENIED as moot** if he timely files an amended complaint. The alternative motion for a more definite statement should be **DENIED as moot**, and Plaintiff's claims under the Health Insurance Portability and Accountability Act, and the Labor-Management Reporting and Disclosure Act, should be **DISMISSED** *sua sponte*.

### I.  BACKGROUND

On December 14, 2011, Plaintiff David E. Jermany (Plaintiff) filed this action against his employer, the United States Postal Service (USPS or Defendant). (*See* doc. 3.) His *pro se* complaint appears to claim discrimination and retaliation under the Rehabilitation Act, violations of the Health Insurance Portability and Accountability Act (HIPAA), violations of the Fair Labor Standards Act (FLSA), and violations of the Labor-Management Reporting and Disclosure Act (LMRDA). (*Id.* at 1, 53.) Liberally construed, Plaintiff's one-paragraph complaint and attached documents assert

three sets of allegations.

The first set of allegations relates to disability-based discrimination and retaliation. Plaintiff alleges that he filed Equal Employment Opportunity (EEO) case no. 4G.752.0316.09 when he was put off the clock with no pay while expecting his first child, "all because of a disability from the military being treated at the VA." (*Id.* at 1.) The EEO complaint in case number 4G.752.0316.09, dated August 31, 2009, alleges that Plaintiff worked for Stacy Taplin, and that beginning January 9, 2009, Taplin harassed him for having a "military condition" and put him off the clock "with no write up." (*Id.* at 41.) It also alleges that when he reported to work, he was sent home for no reason despite providing the correct paperwork, while others with no paperwork or disabilities were allowed to work with white shoes and out of uniform. (*Id.*) The "treatment became worse" after he filed several "EEOs and grievances with the union" regarding the matter. (*Id.*)

Although Plaintiff does not clearly explain the underlying facts in his complaint or in his EEO filing, a medical evaluation attached to his complaint reports him as alleging that he has a "CA-17 restriction" that requires him to avoid black shoes or socks and limits him to 2 hours of walking at work. (*Id.* at 23.) It states that his foot problems and foot treatment began while he was in the Navy and "are a disability from the Navy." (*Id.* at 24.) It reports that Taplin put him "off the clock" for wearing white rather than black shoes as required by the uniform policy for city letter carriers, harassed him, used foul language towards him, and made derogatory remarks to him about becoming a father prior to the birth of his baby. (*Id.* at 22.)

The second set of allegations concerns Judge Philip Davi's decision in Equal Employment Opportunity Commission (EEOC) case number 110.2004.00311X and agency case number 4H.310-0091-04. (*Id.* at 1, 51.) Plaintiff alleges that Judge Davi's decision supports his EEO case number

4G.752.0316.09, but he only attaches USPS' notice of final action on final approval of a settlement agreement in EEOC case number 110.2004.00311X and agency case number 4H.310-0091-04.  (*Id.* at 51-52.)  The notice, dated September 19, 2011, notifies Plaintiff of USPS's decision to implement a settlement agreement in a class complaint of discrimination, states that the settlement agreement has been reviewed and approved by EEOC administrative judge Philip Davi, and notifies Plaintiff that he has no right to appeal the notice of the Office of Federal Operations of the EEOC because he was a class member that did not challenge the fairness of the settlement before Judge Davi.  (*Id.* at 51.)  It states that he has a right to file a civil action in an appropriate district court within 90 calendar days of the receipt of the USPS's final action, within 90 days of the EEOC's final decision on any appeal, or after 180 days from the date of filing of an appeal with the EEOC if no final decision has been rendered.  (*Id.* at 52.)

The third set of allegations concerns alleged violations of the HIPAA and FLSA  Plaintiff alleges HIPAA violations between its medical staff, Charles Esterien, DO, and Sabran Bradberry, RN, and its non-medical management staff.  (*Id.* at 1.)  A document attached to his complaint reports him as alleging that the postmaster, Pat Williams, and district manager, Linda Williams, both had inappropriate access to his medical records, and that USPS "illegally" handled his military health records.  (*See id.* at 23-24.)  He alleges "improper CA-17 injury reporting, management sharing of medical records, [and] non-payment of time off at veteran hospital stays, and visits."  (*Id.* at 1.)  The violations allegedly continue "because of the medical information gained against the law as Judge Davi decided Sept. 19, 2011."  (*Id.*)[1]

---

[1]Plaintiff also states that he wrote to a congressperson about the "3 different issues" and attaches letters from a congresswoman that are purportedly about the alleged "issues."  (*Id.* at 1, 7, 14, 37.)  He alleges that he took his complaints to "the Union NALC 132 Dallas" and attaches a request to "Lone Star Branch No. 132" of "the National Association of Letter Carriers AFL-CIO" to see a steward concerning workplace discrimination.  (*Id.* at 1, 8.)  Although

Defendant moves to dismiss the claims against it under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e).  (doc. 15.)  Plaintiff did not respond and the motions are now ripe for recommendation.

## II.  JURISDICTION OVER HIPPA AND LMRDA CLAIMS

Although Defendant does not move to dismiss Plaintiff's HIPAA claim for lack of subject matter jurisdiction, and does not specifically move to dismiss his LMRDA claim, the Court must sua sponte consider whether it has jurisdiction over the claims before proceeding to their merits.  *See EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider sua sponte whether jurisdiction is proper); *Preston v. Tenet Healthsystem Mem'l Hosp.*, 485 F.3d 804, 812 (5th Cir. 2007) ("As a bedrock principle of federal jurisdiction, a court may sua sponte review whether subject matter jurisdiction exists in a case").

### A.  HIPPA Claim

While HIPAA generally requires confidentiality of medical records, and provides both civil and criminal penalties for improper disclosures of medical information, there is no express or implied private cause of action under HIPAA, and therefore no federal subject matter jurisdiction over any HIPAA claims.  *See Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006) (per curiam); *accord Robert v. Unitrin Specialty Lines Ins. Co.*, 405 F. App'x 874, 882 (5th Cir. 2010).  Plaintiff's HIPAA claim should therefore be *sua sponte* dismissed for lack of subject matter jurisdiction.

---

Plaintiff attaches several other documents to his complaint, it is not clear how those documents are relevant to his claims. (*See* doc. 3.)

4

## B.  LMRDA Claim

On his civil cover sheet, under the section entitled "Nature of Suit," Plaintiff marks the box titled "Labor/Mgmt. Reporting & Disclosure Act." (doc. 3 at 53.)  His complaint does not assert an LMRDA cause of action, or allege any facts in support of such a cause of action, however.  (*See id.* at 1.)  To the extent Plaintiff seeks to assert an LMRDA claim against USPS, the claim should also be sua sponte dismissed for lack of subject matter jurisdiction.  "[T]he LMRDA regulates only the relationship between the union and its members and not between an employer and his employees." *Thompson v. N.Y. Cent. R.R. Co.*, 361 F.2d 137, 145 (2d Cir. 1966) (affirming dismissal of LMRDA claim for lack of subject matter jurisdiction, reasoning that jurisdiction under the LMRDA is limited to suits based on allegations that a labor organization or its officer or agent acting in his official capacity violated the terms of the LMRDA); *see also Miller v. Holden*, 535 F.2d 912, 914 (5th Cir. 1976) (noting the plaintiff's concession that "the LMRDA does not create a cause of action against an employer or confer jurisdiction to hear such a claim" and citing *Thompson*).[2]

## III.  MOTION TO DISMISS

In its motion to dismiss, Defendant argues that Plaintiff's claims for discrimination and retaliation under the Rehabilitation Act are barred by the applicable statute of limitations.  (*See* doc. 15 at 1-2.)  Defendant also argues that, to the extent Plaintiff seeks to assert other claims, the Court should dismiss them for failure to allege sufficient facts, and for failure to articulate the allegations in such as way as to put Defendant on notice.  (*Id.* at 2 n.1, 3-4.)

---

[2] Other circuits have likewise found.  *See e.g. A've v. Sowels*, 145 F.3d 1329, at *1 (6th Cir. Mar. 26, 1998) (table); *Duncan v. Peninsula Shipbuilders Ass'n*, 394 F.2d 237, 239 (4th Cir. 1968); *Hayes v. Consol. Serv. Corp.*, 517 F.2d 564, 566 (1st Cir. 1975).

## A. Legal Standard

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).  When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950-51.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion.  *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196.  Pleadings in the 12(b)(6) context include attachments to the complaint.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim."  *Collins*, 224 F.3d at 499 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003).  In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."  *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).  When a party presents "matters outside the pleading" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss.  *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007).  "If . . . matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56", and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).

## B.  Rehabilitation Act

The Rehabilitation Act provides, in relevant part, that "[n]o otherwise qualified individual

with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . ." 29 U.S.C. § 794(a).  The statute also "prohibits retaliation against individuals who have opposed discriminatory employment practices or made charges of discrimination."  *See Shannon v. Henderson*, 275 F.3d 42, 42, n.4 (5th Cir. 2001) (per curiam) (citing 29 C.F.R. § 1614.101).

The Rehabilitation Act subjects plaintiffs to the same procedural constraints set forth in Title VII, such as administrative exhaustion.  *See* 29 U.S.C. § 794a; *Prewitt v. U.S. Postal Serv.*, 662 F.2d 292, 304 (5th Cir. 1981).  An employee complaining of discrimination or retaliation under the Rehabilitation Act must therefore exhaust his administrative remedies by filing a charge of discrimination with the EEO division of his agency as a precondition to bringing an action in federal court.  *Smith v. Potter*, 400 F. App'x 806, 811 (5th Cir. 2010) (quoting *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006)).  Upon receipt of notice of a final action taken by the agency on the EEO complaint, an employee has 90 days to file a suit in federal district court.  42 U.S.C. § 2000e-16(c). If the date of receipt is unknown, a rebuttable presumption that the notice was received between 3 to 7 days of being mailed is appropriate.  *See Morgan v. Potter*, 489 F.3d 195, 196-97 (5th Cir. 2007).  The 90-day limitation period is strictly construed; courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the 90-day limitation period had expired.  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citations omitted). The 90-day filing period acts as a statute of limitations for all intents and purposes and is subject to the doctrine of equitable tolling.  *Bowers v. Potter*, 113 F. App'x 610, 612-13 (5th Cir. 2004) (per curiam).  A plaintiff bears the burden of establishing a factual basis justifying equitable tolling.  *Id.*

8

at 613.

Here, Plaintiff's claims under the Rehabilitation Act appear to be based on allegations in his complaint in EEO case number 4G.752.0316.09, dated August 31, 2009. (*See* doc. 3 at 1, 41.) Defendant points out that it issued the notice of final action on the EEO complaint on July 8, 2010, and that Plaintiff filed this lawsuit on December 14, 2011 – far outside the 90-day limitation period for filing the lawsuit. (doc. 5 at 2-3.) Defendant attaches its notice of final action, dated July 8, 2010, which informs Plaintiff of his right to appeal the decision to the Office of Federal Operations within 30 calendar days of his receipt of the notice, and the right to file a civil action within 90 days of his receipt of the notice. (doc. 15-1 at 3-7.)[3] The complaint does not allege any facts to rebut the presumption that Plaintiff received the notice within 3 to 7 days of its mailing or to justify tolling the limitations period. Plaintiff's Rehabilitation Act claims are therefore subject to dismissal under Rule 12(b)(6).

## C. FLSA

The FLSA permits an employee to bring causes of action against his or her employer for unpaid minimum wages, 29 U.S.C. § 206, unpaid overtime compensation, 29 U.S.C. § 207, and an additional amount as liquidated damages, 29 U.S.C. § 216. *See Coberly v. Christus Health*, 829 F.Supp.2d 521, 525 (N.D. Tex. 2011). Plaintiff merely asserts that he was not paid for "time off at veteran hospital stays," and that he was put off the clock without any pay. He does not allege that

---

[3] Although the notice is not mentioned in or attached to the complaint, it is a matter of public record that can be judicially noticed for purposes of a 12(b)(6) motion without the need to convert the motion into a motion for summary judgment. *See Green v. Small*, 2006 WL 148740, at *6 n.4 (D.D.C. Jan. 19, 2006) (holding that documents involved in the administrative proceedings underlying Title VII case were natters of public record and therefore their consideration did not convert motion to dismiss into a motion for summary judgment). Defendant has also attached other documents that are not necessary to the disposition of this motion and therefore do not require conversion of its motion to dismiss into a motion for summary judgment. (*See* doc. 15-1 at 1-2, 8-9.)

he was not paid the minimum hourly wage for work performed or was not paid for his overtime work.  His FLSA claim is therefore subject to dismissal for failure to state a claim.[4]

## IV.  OPPORTUNITY TO AMEND

"'Generally a district court errs in dismissing a pro se complaint for failure to state a claim without giving the plaintiff an opportunity to amend.'"  *Amanduron v. Am. Airlines*, 416 F.App'x 421, 423 (5th Cir. 2011) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).  Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend, however, when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint.  *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days).  Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case.  *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

While Plaintiff has failed to respond to Defendant's motion to dismiss, he has not amended his complaint since filing this action, and it does not appear that he has pled his best case to the Court, especially with respect to his FLSA claim.  He should therefore be accorded an opportunity to amend his complaint to sufficiently state a claim for relief.[5]

## V.  RECOMMENDATION

Plaintiff's claims under the HIPPA and LMRDA should be sua sponte **DISMISSED** without

---

[4] As a final matter, Plaintiff does not appeal the final approval of a settlement agreement in EEOC case number 110.2004.00311X and agency case number 4H.310-0091-04, and appears to present it as evidence for his EEO complaint in case number 4G.752.0316.09.  (doc. 3. at 1.)  To the extent he is seeking to appeal that decision, he has not articulated any basis for that appeal.

[5] Since dismissal is warranted on the merits, and Plaintiff is entitled to an opportunity to amend, Defendant's alternative motion for a more definite statement should be **DENIED as moot**.

prejudice for lack of subject matter jurisdiction.  If Plaintiff does not file an amended complaint that

states a claim for relief within the 14 days for objections to this recommendation, or a deadline

otherwise set by the Court, Defendant's motion to dismiss should be **GRANTED** with respect to

his FLSA and Rehabilitation Act claims, and the claims should be **DISMISSED** with prejudice.  If

Plaintiff timely files an amended complaint, however, the motion to dismiss should be **DENIED as**

**moot**, and the action should be allowed to proceed on the amended complaint.  Defendant's

alternative motion for a more definite statement should be **DENIED as moot** in any case.

      **SO RECOMMENDED on this 30th day of July, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

11